UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80563-CANNON

DEENA D'CLUTE,

    Plaintiff,

v.

FLORIDA POWER AND LIGHT
COMPANY,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR SANCTIONS AND TO STAY PROCEEDINGS**

Plaintiff's failure to comply with the Court's order requiring her to provide basic, readily accessible information that is central to her case demonstrates blatant contempt for the Court's authority and a refusal to participate in the legal action she initiated. To avoid further prejudice, Defendant, Florida Power & Light Company ("FPL"), respectfully requests that the Court enter sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 37(b) including: (a) determining that facts regarding Plaintiff's damages claims have been established in FPL's favor, (b) prohibiting Plaintiff from supporting or offering evidence about her alleged emotional distress, (c) staying further proceedings, and (d) awarding cost and fees.

**Background**

Plaintiff, Deena D'Clute, is a current employee at FPL's nuclear power station in St. Lucie, Florida. Plaintiff alleges she was mistreated by two of her former coworkers in or around 2020. Those coworkers had no supervisory authority over Plaintiff and could not alter the terms and conditions of her employment. Contrary to Plaintiff's allegations, FPL investigated her complaints and took action, including discharging the two alleged harassers.

In this lawsuit, Plaintiff asserts claims under state and federal law for discrimination based on sex and religion and retaliation. *See generally* Compl., ECF No. 1. For each count, Plaintiff seeks to recover "emotional distress and economic damages, pain and suffering, loss of reputation, punitive damages, liquidated damages and other pecuniary and non-pecuniary losses." *See id*. at pp. 13, 16, 20, 23, 27, 30. Thus, Plaintiff has placed her emotional and mental health at issue but has refused to provide information about her treating providers, as outlined below.[1]

1.  In her initial disclosures, Plaintiff identified 15 people with information about the case (none of whom are medical providers) and stated that she has no calculation of damages: "The total calculation of Plaintiff's damages at this time is unknown, but Plaintiff may seek attorney's fees and costs as permitted by law." Pl.'s Initial Disclosures, attached as Exhibit 1.

2.  FPL served interrogatories and requests for production, which included requests that Plaintiff identify her medical providers since 2013 and provide documents about her medical, psychiatric, psychological, or physical injuries, or conditions. *See* Def.'s Interrog. No. 20, attached as Exhibit 2; Def.'s Req. for Produc. No. 13, attached as Exhibit 3.

3.  On August 14, 2024, Plaintiff served FPL with very broad discovery requests. FPL's counsel promptly contacted Plaintiff's counsel to meet and confer in an attempt to narrow areas of dispute and avoid unnecessary burden and expense. *See* Emails, attached as Exhibit 4.

4.  On August 26, 2024, counsel for the parties conferred for more than an hour about discovery issues. At that time, FPL's counsel highlighted the need to obtain information about Plaintiff's medical and mental health treatment, which is highly relevant to the claim for emotional

---

[1] As a current employee whose wages and schedule are set in accordance with a union contract, Plaintiff's emotional distress claims are essentially her only basis for financial recovery.

distress damages. Plaintiff's counsel acknowledged the request and indicated that he would take steps to obtain and provide the information.[2]

5. On September 3, 2024, FPL agreed to extend the deadline for Plaintiff's discovery responses on the condition that Plaintiff provide a list of her medical providers and records releases by the following week. *See* Exhibit 4 at pp. 12–13. When Plaintiff did not produce the list of providers the following week, counsel for FPL followed up on September 20, 24, 26, and 27, 2024.

6. On September 27, 2024, Plaintiff's counsel explained that he had not produced the provider information because he had been on vacation and was unsure when he could produce it. Plaintiff's counsel also mentioned for the first time that Plaintiff would not provide signed medical records releases, although no reason for this refusal was offered.

7. In light of Plaintiff's refusal to provide a medical records release, FPL proposed a HIPAA Qualified Protective Order. Plaintiff's counsel did not respond to this request or to the follow up requests on September 30, October 1, 3, and 4. Counsel for Plaintiff finally responded by email on the morning of October 7th and counsel then conferred by telephone.

8. On October 7, 2024, the parties attended a status conference with the Court. During this conference, Plaintiff's counsel represented that he had the name of one treating provider but

---

[2] The parties also discussed Plaintiff's discovery requests—specifically FPL's concerns about the company-wide scope, decade-long time frame, and generalized requests that had no obvious connection to the facts or issues of the case. Plaintiff agreed to propose search terms and custodians to help clarify the materials being sought. Plaintiff proposed a list of 28 custodians—many of whom were never mentioned in the Complaint or Plaintiff's initial disclosures. *Compare* Ex. 1 *with* Ex. 4 at pp. 17–18. Based on these proposed custodians, FPL gathered and began indexing more than 600,000 electronic documents. In early September, after numerous follow up requests, Plaintiff provided a generic set of proposed search terms. FPL promptly began testing the proposed terms, which returned more than 83,000 hits that sampling showed were mostly irrelevant. FPL proposed modifications to the terms and attempted for several weeks to confer about them with Plaintiff but received no response. *See generally* Ex. 4. On the morning of October 7—just hours before the scheduled status conference—Plaintiff's counsel finally responded to the requests and the parties were able to reach an agreement relating to the ESI search parameters.

would be speaking with Plaintiff at 5:00 p.m. about the matter. The Court ordered Plaintiff to produce "the list of her medical providers as requested and discussed during the hearing" on or before October 14, 2024. Order, ECF No. 22. The Court was clear in its order, warning that "**No further extensions of this deliverable will be granted.**" *Id.* (emphasis in original).

9. Despite the Court's Order and counsel's representation at the October 7 hearing that he had the name of one provider, Plaintiff did not provide the information as ordered. FPL provided notice to the Court of Plaintiff's noncompliance on October 15. *See* ECF No. 25. The Court entered a Paperless Order on October 21 setting a briefing schedule and hearing to address the outstanding discovery issues. ECF No. 28.

10. On October 22, counsel for Plaintiff provided the name and telephone number of one provider, who was licensed only in January 2024. *See* Email Correspondence, attached as Exhibit 5. FPL's counsel promptly responded with clarifying questions and a request to meet and confer to which counsel for Plaintiff has failed to respond. *See id.*

**Argument**

Plaintiff's failure to disclose basic information about a central issue in the case—even after being ordered by the Court to do so—is inexcusable. Plaintiff could provide basic information about her treating provider and damages with virtually no expense or burden but refuses to do so.

Plaintiff chose to bring this action and should have been prepared for discovery. FPL, on the other hand, has been left to guess about what damages Plaintiff is seeking and what evidence she has to support her claims. To make matters worse, Plaintiff has forced FPL to collect and search through voluminous ESI from dozens of irrelevant custodians and to review thousands of documents on what is likely a fishing expedition. Courts have routinely condemned this type of game playing in discovery. *E.g.*, *Miccosukee Tribe of Indians of Fla. v. Cypress*, 2013 WL

10740706, at *1 (S.D. Fla. June 28, 2013) ("Discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered."); *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *7 (S.D.N.Y. Feb. 16, 2016) ("A lawsuit is not a game but a search for the truth.").

Rule 37(b)(2) provides consequences for discovery abuses like Plaintiff's, involving failure to obey discovery orders. Under the rules, a party that disobeys a discovery order faces sanctions that may include:

> (i) Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; . . .
>
> (iv) Staying further proceedings until the order is obeyed;

Fed. R. Civ. P. 37(b)(2)(A). Further, the disobedient party should be ordered to pay costs and reasonable attorneys' fees. Fed. R. Civ. P. 37(b)(2)(C). All these potential sanctions are appropriate here. *See, e.g.*, *McDaniel v. Bradshaw*, 2011 WL 2470519, at * 3–4 (S.D. Fla. Jun. 20, 2011) (awarding monetary and non-monetary sanctions for failing to comply with court's discovery order). Plaintiff should not be permitted to flout the Court's order about simple issues within her knowledge while FPL is forced to continue expensive and burdensome e-discovery. Nor should Plaintiff be permitted to support her emotional distress damages claims with references to mental health treatment about which FPL has been unable to obtain simple discovery.

Accordingly, FPL respectfully requests that this Court issue an order staying the case, finding that Plaintiff has failed to establish emotional distress damages, precluding Plaintiff from offering evidence of mental health treatment, and awarding costs and attorneys' fees.

**Compliance with Local Rule 7.1(a)(3)**

Undersigned counsel has conferred or attempted to confer with counsel for Plaintiff about the medical provider information referenced in this motion and in the Court's Order on numerous occasions, as reflected in paragraphs 4 through 7, above, and as further shown in Exhibit 4. On multiple occasions, counsel for FPL advised that FPL may seek sanctions if Plaintiff continued to ignore requests and discovery obligations. Counsel for FPL attempted again to confer about the relief requested in this motion after Plaintiff provided an incomplete and untimely disclosure. *See* Exhibit 5. Plaintiff's counsel has provided availability to meet and confer after the deadline to file this motion. *See id.* FPL will continue its attempts to meet and confer and respectfully submits that Plaintiff's delays should not prohibit FPL from seeking relief from the Court. *See, e.g.*, *Taser Int'l, Inc. v. Phazzer Electronics, Inc.*, 2023 WL 1069783, at *5 (M.D. Fla. Jan. 27, 2023) (addressing attorney's failure to respond to meet and confer requests).

Dated: October 25, 2024

Respectfully submitted,

/s/ Michael A. Holt
Christin M. Russell (FBN 51485)
christin.russell@fpl.com
Michael A. Holt (FBN 91156)
michael.holt@fpl.com
Florida Power & Light Company
Law Department
700 Universe Boulevard LAW/JB
Juno Beach, Florida 33408
Telephone (561) 304-5807
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2024, a true and correct copy of the foregoing document has been provided to all counsel of record or unrepresented parties on the Service List below by the method indicated and that the document has been filed with the Clerk of the Court using the CM/ECF system.

/s/ Michael A. Holt
MICHAEL A. HOLT

**Service List**

Andres F. Vidales
Andres Vidales Attorney at Law
8333 Northwest 53rd Street
Suite 450
Doral, Florida 33166
afv@andresvidales.com
legalassistant@andresvidales.com
*Attorneys for Plaintiff*

Christin M. Russell
Michael A. Holt
Florida Power & Light Company
Law Department
700 Universe Boulevard LAW/JB
Juno Beach, Florida 33408
christin.russell@fpl.com
michael.holt@fpl.com
*Attorneys for Defendant*