UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80563-Cannon/McCabe

DEENA D'CLUTE,

    Plaintiff,

v.

FLORIDA POWER & LIGHT COMPANY,

    Defendant.
_____/

**FINAL REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court on Defendant's Motion for Sanctions and to Stay Proceedings ("Motion"), which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 30, DE 31). For the reasons set forth below, the Court issues this Final Report and Recommendation that **GRANTS IN PART** and **DENIES IN PART** the Motion.

**I.    BACKGROUND**

1.    On August 8, 2024, Defendant propounded a first set of interrogatories on Plaintiff. (DE 30-2). Interrogatory No. 19 sought the following:

> Identify all medical care providers and facilities from whom you have sought or received treatment, advice, therapy or counseling from 2013 until the present and state for each:
>
> (a) the name and address of the medical provider or facility;
> (b) the illness, injury, or condition for which you were treated, advised or counseled;
> (c) the dates on which you were treated, advised, or counseled;
> (d) any diagnosis or prognosis; and
> (e) whether you still suffer from the illness, injury, or condition.

> For each such provider, please complete, sign and return a copy of the medical records release attached to Defendant's First Request for Production of Documents.

(DE 30-2 at 8-9).

2. The parties negotiated numerous extensions of time to answer the interrogatories, but Defendant consistently conditioned these extensions on Plaintiff's willingness to provide a partial answer to Interrogatory No. 19 by identifying her medical care providers, so that Defendant could begin the process of sending non-party subpoenas to these providers.

3. On October 7, 2024, the parties appeared before the District Judge for a status conference. (DE 21). At the status conference, Defendant advised that it had still not received a list of Plaintiff's medical care providers. Following the status conference, the District Judge issued the following Order:

> On or before **October 14, 2024**, Plaintiff must produce to Defendant the list of her medical providers as requested and discussed during the hearing. **No further extensions of this deliverable will be granted.**

(DE 22 ¶ 1).

4. Plaintiff did not comply with the court-ordered deadline. Eight days past the deadline, on October 22, 2024, Plaintiff made a partial compliance by disclosing the name of one provider, a mental health therapist. (DE 30-5).

5. On October 25, 2024, Defendant filed the instant Motion seeking sanctions against Plaintiff pursuant to Fed. R. Civ. P. 37. (DE 30). Among other sanctions, Defendant asks the Court to determine, for trial purposes, that Plaintiff has no damages and to prohibit Plaintiff from offering evidence at trial about her alleged emotional distress damages. (DE 30 at 1, 5).

6. Trial is set for the two-week trial calendar beginning on July 28, 2025. (DE 12 at 1). The discovery cut-off is March 3, 2025. (DE 12 at 2).

7. On November 8, 2024, the undersigned issued a Preliminary Report and Recommendation on the Motion. (DE 40).

## II. DISCUSSION

Courts enjoy broad discretion, pursuant to Fed. R. Civ. P. 37(b)(2), to impose sanctions when a litigant fails to comply with a discovery order. The rule provides in pertinent part:

(b) Failure to Comply with a Court Order.

…

(2) Sanctions Sought in the District Where the Action Is Pending.

(A) *For Not Obeying a Discovery Order*. If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see also Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (discussing district court authority to award sanctions under Rule 37(b)(2)).

Although district courts enjoy broad discretion under this rule, the severe sanctions identified in subsection (b)(2)(A) should be imposed only after finding (1) that the party's failure to comply with the order was willful or a result of bad faith, (2) that the party seeking sanctions was prejudiced by the violation, and (3) that a lesser sanction would fail to adequately punish non-

3

compliance and ensure compliance with future orders. *See Kendall Lakes Towers Condo. Ass'n v. Pac. Ins. Co.*, No. 10–24310–CIV, 2011 WL 6190160, at *4 (S.D. Fla. Dec. 2, 2011); *Sweet Additions Ingredient Processors, LLC. v. Meelunie Am., Inc.*, No. 21-CV-81141, 2022 WL 17324243, at *3 (S.D. Fla. Nov. 29, 2022) (same).

Applying that standard here, the Court finds that Plaintiff willfully violated the District Judge's Order of October 7, 2024. The Court further finds that Plaintiff lacked substantial justification for failing to comply with the Order. It has been nearly three months since Defendant propounded Interrogatory No. 19 and over one month since the status conference before the District Judge. The Court finds it inconceivable that Plaintiff cannot remember or assemble a list of her medical providers as ordered by the District Judge. Sanctions should be issued based on this non-compliance.

After careful review, however, the Court finds that it cannot impose all of the sanctions that Defendant requests. In particular, because discovery does not end until March 2025, Defendant cannot show adequate prejudice stemming from Plaintiff's non-compliance. Assuming Plaintiff provides the names of her medical providers, Defendant still has sufficient time to send non-party subpoenas to those providers. Accordingly, the Court recommends the more limited sanctions set forth below.

### III.   CONCLUSION & NOTICE OF RIGHT TO OBJECT

For all of the above reasons, the undersigned **RECOMMENDS** that the Motion be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. As previously instructed by way of Preliminary Report and Recommendation, Plaintiff had until Monday, November 11, 2024 at 5:00 PM to provide an answer to Interrogatory

No. 19 to Defendant. There is no indication that Plaintiff has failed to comply with this deadline as of this Final Report and Recommendation. **If Plaintiff failed to provide an answer by that deadline, however, Plaintiff shall pay a sanction of $1,000 per day until she provides the answer.** These sums shall be paid by Plaintiff to Defendant. If Plaintiff fails to provide an answer for ten (10) consecutive days, reaching a total sanction of $10,000, the Court will entertain a motion for the more severe sanctions listed in Rule 37(b)(2)(A).

2. Separate and apart from these sanctions, pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiff shall pay to Defendant the costs and attorneys' fees incurred in bringing this Motion. These sums shall be paid regardless of compliance with the above deadline.

3. The undersigned reviewed the Declaration of Attorneys' Fees submitted in compliance with the Preliminary Report and Recommendation. (DE 41). The undersigned finds $2,000 to be the reasonable attorneys' fees and costs incurred in bringing this Motion. **Plaintiff shall pay $2,000 to Defendant within five (5) days of the date the District Judge rules on any objections to this Final Report and Recommendation. In the event the parties file no objections, then the sum shall be due within five (5) days of the date the objection deadline expires.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Final Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Final Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal

conclusions contained in this Final Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 20th day of November 2024.

                                                RYON M. MCCABE
                                                U.S. MAGISTRATE JUDGE